IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES GLENN WILDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 106-103 |
| ) | |
| JIM WALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Autry State Prison in Pelham, Georgia, filed the above-captioned case *pro se*, pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay the initial filing fee assessed by the Court. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. SCREENING OF COMPLAINT

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: 1) Jim Wallen, Investigator and former Chief Deputy at the Lincoln County Sheriff's Office, 2) April Quick, a resident of Gibson, Georgia, 3) Edwin Bentley, Sheriff of Lincoln County, and 4) the County of Lincoln, Georgia. (Doc. no. 1, pp. 1, 4-5). Plaintiff alleges that on July 29, 2004, Defendant Wallen utilized Defendant Quick, a private citizen, to obtain a brief case owned by Plaintiff. (Id. at 6). Plaintiff had inadvertently left this briefcase at a residence in Columbia County, Georgia, when it was allegedly seized by Defendant Quick. (Id.). Plaintiff claims Defendant Quick was acting as an arm of the Lincoln County Sheriff's Department when the briefcase was taken and that this seizure was executed without a warrant. (Id. at 7). Plaintiff further alleges that Defendant Bentley knowingly allowed Defendant Wallen's actions with respect to the unlawful seizure. The evidence obtained from the briefcase was later used against Plaintiff, resulting in his subsequent conviction and incarceration. (Id.). Additionally, Plaintiff alleges that photos of a "personal and intimate nature," which were contained on a compact disc, were taken from the briefcase, not listed on the inventory sheet, and never returned to Plaintiff. (Id. at 8). Plaintiff is seeking compensatory and punitive damages against Defendants totaling $325,000. (Id. at 11-12).

Plaintiff's claim against the County of Lincoln, Georgia, fails as a matter of law. Plaintiff must sue the individuals personally involved in the wrongs he alleges, or set forth facts which demonstrate that the execution of the municipality's policy or custom inflicted the injury complained of. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001). Plaintiff does not state a valid claim by simply naming the "County of Lincoln, Georgia," as a Defendant

in the caption of his complaint and then making no further mention of this Defendant. Accordingly, the County of Lincoln, Georgia, should be dismissed from this action.

## II. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Defendant County of Lincoln, Georgia, be **DISMISSED**.[2]

SO REPORTED and RECOMMENDED this 15th day of December, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] By separate Order, the Court has directed that service of process be effected upon Defendants Jim Wallen, April Quick, and Edwin Bentley based upon Plaintiff's allegations of Fourth Amendment violations.